NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 4 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MACARIA MARTINEZ GARCIA, | No. 19-70441 |
| Petitioner, | Agency No. A216-630-117 |
| v. | |
| TODD BLANCHE, Acting Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 23, 2026[**]
Pasadena, California

Before: HIGGINSON,[***] NGUYEN, and BRESS, Circuit Judges.

Macaria Martinez Garcia ("Petitioner"), a native and citizen of Mexico,

petitions for review of a Board of Immigration Appeals ("BIA") decision

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

dismissing her appeal of an Immigration Judge's ("IJ") order denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). "Where, as here, the BIA reviewed the IJ's factual findings for clear error, and reviewed de novo all other issues, our review is 'limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (quoting *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006)). "We review the denial of asylum, withholding of removal and CAT claims for substantial evidence." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Under this standard, we must uphold the agency determination unless the evidence compels a contrary conclusion." *Id.* We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1.      Substantial evidence supports the BIA's determination that Petitioner is not entitled to asylum. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)).

Petitioner is a member of the indigenous Triqui group from Oaxaca, Mexico. She alleges that she faced persecution from a group called El Movimiento de

2

Unificación y Lucha Triqui ("MULT") that operated in Oaxaca and targeted Triqui people, including by forcing them to join multi-day marches. Although she did not want to, Petitioner marched with MULT multiple times because she feared being fined or imprisoned by MULT if she protested. Petitioner contends that MULT targeted her late husband and at one point imprisoned him for two days because of his resistance to MULT's tactics. Petitioner herself was also targeted by a member of MULT who came to her house and threatened to rape her and to rape and kidnap her twelve-year-old granddaughter.

Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Id.* at 1060 (quoting *Donchev v. Mukasey*, 553 F.3d 1206, 1213 (9th Cir. 2009)). The persecution inquiry is highly fact dependent, but often includes "significant physical violence." *Id.* at 1061 (quoting *Nagoulko v. I.N.S.*, 333 F.3d 1012, 1016–17 (9th Cir. 2003)). "[M]ere threats, without more, do not necessarily compel a finding of past persecution." *Id.* at 1062 (quoting *Villegas Sanchez v. Garland*, 990 F.3d 1173, 1179 (9th Cir. 2021)). Instead, threats that are "repeated, specific[,] and combined with confrontation or other mistreatment" are more likely to support a finding of past persecution. *Id.* at 1062 (quoting *Duran-Rodriguez*, 918 F.3d at 1028).

The BIA agreed with the IJ's determination that Petitioner had not shown past persecution, and substantial evidence supports that determination. Petitioner

does not point to any specific error in the BIA's past persecution determination. Instead, she argues that the BIA failed to place sufficient weight on Petitioner's testimony before the IJ. But without any physical harm, repeated threats, or past detention, the record does not compel a finding of past persecution.

Substantial evidence also supports the agency's determination that Petitioner failed to show a well-founded fear of future persecution because she could safely relocate to another region within Mexico. Petitioner argues that it would be unreasonable for her to relocate outside of Oaxaca because she would have to relinquish her Triqui identity and community, but Petitioner did not share any concern about losing her cultural identity during her testimony before the IJ. Instead, she stated that she has no family elsewhere who could make her feel safe. The evidence does not compel the conclusion that Petitioner could not safely relocate in Mexico to an area beyond MULT's control. Accordingly, Petitioner has failed to show that the BIA erred in dismissing her appeal of the IJ's decision denying asylum.

2.      Having failed to establish the showing of persecution required for asylum, Petitioner cannot meet the higher bar of a "clear probability" of persecution required for withholding of removal. *See id.* at 1066. Thus, the BIA did not err in dismissing her appeal of the IJ's decision denying her application for withholding of removal.

4

3. Last, substantial evidence supports the BIA's determination that Petitioner failed to establish eligibility for CAT protection. "To qualify for CAT protection, a petitioner must show it is 'more likely than not he or she would be tortured if removed to the proposed country of removal.'" *Id.* at 1067 (quoting 8 C.F.R. § 208.16(c)(2)). "Torture is 'any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for any reason based on discrimination of any kind, when such pain or suffering is inflicted by or at the instigation of or with the consent or acquiescence of a public official.'" *Id.* (alteration adopted) (quoting 8 C.F.R. § 208.18(a)(1)).

The BIA found that Petitioner had failed to show that she would more likely than not be tortured in Mexico with the government's acquiescence. "[T]orture is more severe than persecution," *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005), and as discussed above, the BIA did not err in finding that the threats Petitioner received fell below the level required for persecution. Thus, Petitioner has not established past torture that would suggest a likelihood of future torture. Substantial evidence further supports the denial of CAT relief because Petitioner "could relocate to a part of the country of removal where . . . she is not likely to be tortured." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020) (quoting 8 C.F.R. § 1208.16(c)(3)(ii)). As discussed above, the evidence does not compel the conclusion that Petitioner could not safely relocate in Mexico. Thus, the

5

evidence does not compel a finding that Petitioner established eligibility for CAT protection.

**PETITION DENIED.**[1]

---

[1] Petitioner's motion to stay removal, Dkt. 1, is denied.